**VAN DER VEEN, HARTSHORN & LEVIN**
**BY: Michael T. van der Veen**
**I.D. No. 75616**
**Michael Troiani**
**ID No. 54871**
**Brian D. Schroeder Jr.**
**I.D. No. 330295**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**P: (215) 546-1000**
**F: (215) 546-8529**
**ATTORNEYS FOR PLAINTIFFS**

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARD KNOCKS UNLIMITED, INC., ALLAN LANE, and MICHAEL SPAIN-SMITH,** <br><br> **Plaintiffs,** | Case No. _______ |
| **v.** | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED RELIEF** |
| **BARBER COMPANIES, INC.; BARBER MOTORSPORTS MUSEUM; BARBER VINTAGE FESTIVAL** <br><br> **Defendants** | JURY TRIAL DEMANDED |

Plaintiffs Hard Knocks Unlimited, Inc. ("HKU"), Allan Lane ("Lane"), and Michael Spain-Smith ("Spain-Smith") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this action against Defendants Barber Companies, Inc., Barber Motorsports Museum, and Barber Vintage Festival (collectively, "Defendants"), and allege as follows:

## PARTIES

1. Plaintiff Hard Knocks Unlimited, Inc. is a corporation organized under the laws of Pennsylvania, with its principal place of business at 1716 Lydia Drive Hatfield, PA 19440.

2. Plaintiff Allan Lane is an individual residing in Pennsylvania and is the owner and CEO of HKU.

3. Plaintiff Michael Spain-Smith is an individual and professional photographer who owns the copyrights in the Photographs at issue.

4. Upon information and belief, Defendant Barber Companies, Inc. is a business entity organized under the laws of Alabama, with its principal place of business at 27 Iverness Center Parkway, Birmingham, Alabama 35242.

5. Upon information and belief, Defendant Barber Motorsports Museum is a business entity and/or affiliated operating entity associated with Barber's Museum and Event operations, with principal place of business at 6030 Barber Motorsports Parkway, Birmingham, Alabama 35094.

6. Upon information and belief, Defendant Barber Vintage Festival is a business entity and/or operating division, event arm, or affiliated enterprise associated with the annual festival and related promotional activities associated with the Barber businesses.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because the claims arise under the Copyright Act, 17 U.S.C. §§ 101 et seq.

8. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants purposefully availed themselves of the privileges of conducting business in this

District, including through nationwide online promotions and commercial activity reaching Pennsylvania, and because the alleged infringing conduct was directed to and caused harm in this District.

9. Additionally, Defendants have a significant connection with the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania as Defendants actively solicit and maintain their second-largest membership base in Pennsylvania.

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because a substantial part of the acts and omissions giving rise to the claims occurred in this District and/or Defendants are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### *Plaintiffs' Rights in the Photographs*

11. On or about April 2015, Spain-Smith photographed Eraldo Ferracci at Fast by Ferracci in Willow Grove, Pennsylvania.

12. The Photographs of Eraldo Ferracci ("Copyrighted Photographs") were originated by Spain-Smith and thus were protected by Copyright law the moment they were created and in a fixed and tangible form pursuant to 17 U.SC. Sect. 102. *See* Exhibit A.

13. Allan Lane and/or HKU commissioned and licensed the Copyrighted Photographs from Spain-Smith for use in HKU's publication, Sportbikes Inc. Magazine. The Photographs were published online in an article in May 2015 and again in May 2018 on sportbikesincmag.com pursuant to the license between Lane/HKU and Spain-Smith.

14. The Copyrighted Photographs were never licensed nor transferred or authorized in any manner for reproduction by Defendants for any use whatsoever, including event promotion, social media, printed posters, auction artwork, or derivative commercial exploitation. The images were never licensed by Lane or Spain-Smith for use by any third party.

15. Spain-Smith is the Copyright Owner of the Copyrighted Photographs or the exclusive owner of rights sufficient to bring suit for infringement, and HKU/Lane holds contractual and/or exclusive license rights with Spain-Smith sufficient to support standing to enforce those rights.

16. Spain-Smith registered the Copyrighted Photographs with the United States Copyright Office on January 20, 2026.

***Defendants' Unauthorized Use***

17. Upon information and belief, Defendants obtained the Copyrighted Photographs from Plaintiffs' website and/or online media platforms.

18. Upon information and belief, Defendants then reproduced, displayed, distributed, and publicly used the Copyrighted Photographs multiple times in connection with the October 2025 Barber Vintage Festival ("Festival") in Birmingham, AL and related pre-event promotional activities without Plaintiffs' consent. *See* Exhibit B.

19. Defendants used the Copyrighted Photographs in a number of ways to promote their event, including but not limited to: social media promotions on Instagram, Facebook, YouTube, and LinkedIn; event wrap-up press materials and publicity pages; event marketing and promotional materials; use in commissioned artwork and poster graphics; use in auction materials and fundraiser content; and use in derivative artistic works based on the Copyrighted Photographs.

20. Barber commissioned artist Katherine Anne Hicks to create a painting and posters using Plaintiffs' Copyrighted Photographs, and that the painting and related poster materials were used for the Festival and associated fundraising/auction activities, of which generated revenue and profits to which Plaintiffs are entitled to receive.

21. Barber also commissioned artist Makoto Endo to create a live painting at the event using one of Plaintiffs' Copyrighted Photographs during the Festival which was displayed to huge crowds of people. This painting was auctioned generating revenue and profits to which Plaintiffs are entitled to receive.

22. Barber used the Copyrighted Photographs without permission in additional imagery in social media and promotional posts, including content on Instagram, Facebook, LinkedIn, and YouTube, during the Festival, as well as a Festival wrap-up press release.

23. Plaintiffs are informed and believe that Defendants' use of the Copyrighted Photographs was commercial in nature and was intended to promote event attendance, fundraising, ticket sales, auction participation, sponsorship value, public exposure, and related revenue-generating activities.

***Notice and Continued Infringement***

24. Plaintiffs sent Defendants a demand letter dated December 23, 2025, asserting unauthorized use of the Copyrighted Photographs of Eraldo Ferracci and requested cessation, accounting and licensing discussions. The December 23, 2025, demand was served on Brian Case, the Executive Director of Barber, on or about December 23, 2025.

25. After getting no response from Defendants, Plaintiffs then sent another notice and demand letter dated February 4, 2026. The letter demanded cessation, requested accounting, and preservation of evidence.

26. Defendants had actual and/or constructive knowledge of Plaintiffs' rights, yet continued, the infringing conduct, thereby acting willfully, intentionally, and in reckless disregard of Plaintiffs' rights.

27. Defendants knew that the Copyrighted Photographs belonged to Plaintiffs prior to Defendants' use, reproduction and publication.

28. At no time prior to Defendants improper infringement upon Plaintiffs' Copyrighted Photographs did Defendants request from Plaintiffs authorization for Defendants to use the Copyrighted Photographs in any manner.

29. After Plaintiffs registered the Copyrighted Photographs, Defendants, on May 25, 2026 used the Copyrighted Photographs on their website to promote various activities to their benefit including promoting speakers for their events.

## COUNT I
**(Against All Defendants)**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiffs are the owners and/or exclusive licensees holding valid copyrights and/or exclusive rights in the Copyrighted Photographs as Plaintiff, Spain-Smith originally took the Copyrighted Photographs which were his original pictorial works.

32. Defendants copied, reproduced, displayed, distributed, published, transferred, and/or caused the creation of derivative works based on the Copyrighted Photographs without authorization.

33. Defendants' acts infringed Plaintiffs' exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, publicly display, and prepare derivative works.

34. Plaintiffs have complied with all conditions precedent to suit, or such requirements have been satisfied, excused, or are not applicable.

35. The use of the Copyrighted Photographs were not protected under 17 U.S.C. Sect. 107 or 17 U.S.C. Sect.113.

36. As a direct and proximate result of Defendants' infringing acts, Plaintiffs have suffered and continue to suffer damages, including but not limited to lost licensing opportunities, lost market value, diminution in the value of the Photographs, reputational harm, and injury to Plaintiffs' exclusive rights.

37. Defendants have further profited and/or were unjustly enriched through the use of the Copyrighted Photographs in connection with festival promotion, public exposure, sponsorship, ticket sales, auctions, and related commercial activity.

38. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered damages in an amount to be proven at trial.

39. Plaintiffs are entitled to recover Defendants' profits attributable to the infringement, actual damages, statutory damages to the extent available, costs, attorneys' fees, and injunctive relief.

## COUNT II
## (Against All Defendants)
## WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiffs had exclusive rights to the Copyrighted Photographs pursuant to 17 U.S.C. Sect. 106.

42. Defendants knew or should have known that the Copyrighted Photographs were protected by copyright and that Plaintiffs had not granted Defendants permission to use them.

43. Despite notice from Plaintiffs, Defendants continued or failed to timely cease the infringing uses of the Copyrighted Photographs.

44. Defendants' infringement was willful, deliberate, and conducted in reckless disregard of Plaintiffs' rights, entitling Plaintiffs to enhanced damages and other relief available under the Copyright Act.

45. Plaintiffs are entitled to recover Defendants' profits attributable to the infringement, actual damages, statutory damages to the extent available, costs, attorneys' fees, and injunctive relief.

46. Defendants did not have the authority of any legal right to reproduce the Copyrighted Photographs.

47. The use by Defendants of Plaintiffs' Copyrighted Photographs were not protected under 17 U.S.C. Sect. 107 or 17 U.S.C. 113.

**COUNT III**
**(Against All Defendants)**
**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

48. Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as though fully set forth herein.

49. Defendants were aware of the Copyrighted Photographs prior to the infringement as the Copyrighted Photographs were publicly displayed by Plaintiffs, despite this knowledge, Defendants reproduced and published the Copyrighted Photographs without Plaintiffs' authorization.

50. Upon information and belief, one or more Defendants had knowledge of the infringing activity and materially contributed to, induced, directed, or facilitated the infringing acts of third

parties, including marketing personnel, social-media managers, event staff, contractors, artists, designers, and promotional partners.

51. Defendants' conduct materially contributed to the creation, publication, and dissemination of unauthorized derivative works and promotional uses of the Copyrighted Photographs.

52. Upon information and belief, Defendants had the right and ability to supervise, control, direct, or halt the infringing activity.

53. Upon information and belief, Defendants received a direct financial benefit from the infringing conduct, including increased festival attendance, sponsorship value, promotional reach, fundraising, auction interest, public attention, and associated commercial goodwill.

54. Defendants are therefore vicariously liable for the infringement.

55. Plaintiffs are entitled to recover Defendants' profits attributable to the infringement, actual damages, statutory damages to the extent available, costs, attorneys' fees, and injunctive relief.

## JURY DEMAND

Plaintiffs hereby demands that all issues so triable be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, and award the following relief:

1. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from reproducing, displaying, distributing, publishing, or creating derivative works from the Copyrighted Photographs, or any substantially similar copies, without authorization;

2. An order requiring Defendants to remove, delete, and cease display of the Copyrighted Photographs and derivative works from websites, social media, advertisements, festival materials, printed materials, promotional campaigns, press releases, and all other media under Defendants' control;

3. An accounting of all revenues, profits, and benefits derived from the infringing conduct, including but not limited to sponsorship revenue, ticket sales, auction revenue, artwork sales, poster sales, and related promotional revenue;

4. Actual damages, Defendants' profits, and/or statutory damages to the maximum extent permitted by law;

5. Enhanced damages for willful infringement, to the extent available;

6. Costs of suit and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

7. Pre-judgment and post-judgment interest as allowed by law;

8. Impoundment and/or destruction of infringing copies and derivative works, as appropriate; and

9. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

By:________________________________

Michael T. van der Veen, Esq.
Brian D. Schroeder Jr., Esq.
*Attorneys for Plaintiff(s)*

Date: September 23, 2026

# EXHIBIT A


Arai
DUCATI
1199


DUCATI


DUCATI


Ducati
DUCATI


DUCATI
DUCATI




Ducati
DUCATI
MECCANICA


DUCATI
Arai


Ducati
DUCATI

# EXHIBIT B


DUCATI


BARBER
VINTAGE FESTIVAL
20TH ANNUAL \\ OCTOBER 3-5, 2025
FAST BY
FERRACCI
Racing Products
FEATURING...
AHRMA ROAD RACING
CROSS COUNTRY
MOTOCROSS
TRIALS
FAN ZONE
DEMO RIDES
SWAP MEET
THRILL SHOWS
WALL OF DEATH
MOTORCYCLES BY MOONLIGHT GALA
GRAND MARSHAL
ERALDO FERRACCI
BIRMINGHAM, ALABAMA
Vintage
BARBER
BARBERVINTAGEFESTIVAL.COM


Premium
makoto endo
FAST BY
FERRACCI
Racing Products
20th Vintage
Festival Painting
by Anne Hicks
6:45 / 12:30
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Makoto Endo
Subscribe
Share
Save
Download
140 views 9 months ago #美術 #ducati #オートバイ
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Barber Vintage Motorsports Museum, Berber Motorsports Park
Birmingham, AL, U.S.A. ...more



**Barber Vintage Motorsports Museum**
2,344 followers
1mo ·

Every year during the Barber Vintage Festival, the Barber Vintage Motorsports Museum hosts "Motorcycles by Moonlight," a gala dinner that benefits the museum's growing education and preservation programs, and honors the festival's grand marshal.

Presented by Iconic Motorbikes Auctions, this year's well-attended event included eight speakers, beginning with Executive Director Brian Case and followed by Conservation Manager Ally Domar and Education Programs Manager Dr. Liz Johnson.

In addition, Grand Marshal Eraldo Ferracci was saluted by son Larry, former journalist and racer Cook Neilson, Cycle World Technical Editor Kevin Cameron, champion racer Larry Pegram, and MotoGP Legend Kevin Schwantz.

All of these speeches, which range in duration from four to 10 minutes, are now available for viewing on the Barber Vintage Motorsports Museum YouTube channel. If you enjoy the content, please like the videos and subscribe to our channel.

#BarberMuseum #BarberMotorsportsPark #BarberVintageFestival

https://lnkd.in/etCVRB3F



Matthew Miles and 14 others · 1 repost




makotoendo.net/movie-1
Share
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Makoto Endo
7:09 / 12:30
More videos
YouTube
Motorcycle Art Part 148 / 2025
Barber Vintage Festival
Makoto Endo • 12:31
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Barber Vintage Motorsports Museum, Berber Motorsports Park
Birmingham, AL, U,S,A,
10, 3-5, 2024
#EraldoFerracci #Barbervintagefestival #ducati #Barbervintagemotorsportsmuseum #Barbermotorsportspark #LivePainting #Art #ライブペインティング #バイクの絵 #美術 #オートバイアート #オートバイ #バイク
Home Page:
https://www.makotoendo.net
Instogram:
https://www.instagram.com/makoto_endo/
Face Book:
https://www.facebook.com/makoto.endo.547
For any questions, enquiry:


youtube.com/watch?v=x9K95paEmI8
Premium
makoto endo
2025 BVF
GRAND MARSHAL
Eraldo Ferracci
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Makoto Endo
Subscribe
Share
Save
Download
140 views 9 months ago #美術 #ducati #オートバイ
Motorcycle Art Part 148 / 2025 Barber Vintage Festival
Barber Vintage Motorsports Museum, Barber Motorsports Park
Birmingham, AL, U.S.A. ...more

web.archive.org/web/20260125052047/https://www.barbermuseum.org/barber-vintage-festival/barber-museum-seminars/

https://www.barbermuseum.org/barber-vintage-festival/b

38 captures

19 Sep 2019 – 20 Apr 2026

NOV JAN APR 25 2025 2026 2027

**2025 GRAND MARSHAL ERALDO FERRACCI**
**Moderator: Cook Neilson**
**Friday: 11 a.m. Conservation Area**

Eraldo Ferracci began his motorcycling journey in the service department of a dealership in his hometown of Terni, Italy. He was exposed to racing at an early age, both as a mechanic and a rider, eventually rising to the top of both fields. After moving his family to the U.S., Ferracci established "Fast By Ferracci" and developed a reputation for building reliable machines that won races. Cook Neilson explores a lifetime of on-the-job training with Ferracci.

**Cook Neilson** is a former journalist and motorcycle racer, best known for his decade-long tenure as editor of Cycle magazine and for winning the 1977 AMA Superbike race at Daytona International Speedway on "Old Blue," a Ducati 750 SS hot-rodded by his great friend and colleague Phil Schilling. Neilson has continued to leave a lasting impact on the motorcycle community through his writing and advocacy for the sport.




**ICONS: PAOLO MARTIN AND LINO TONTI**
**Moderator: Ultan Guilfoyle**
**Friday: 1 p.m. Barber Advanced Design Center**

Many enthusiasts recognize motorcycles from Moto Guzzi's most iconic era, but few

1:19

May 25
9:35 PM

9:35
◂ Messages
5G 25

barbermuseum.org

motorcycle racer, best known for his decade-long tenure as editor of Cycle magazine and for winning the 1977 AMA Superbike race at Daytona International Speedway on "Old Blue," a Ducati 750 SS hot-rodded by his great friend and colleague Phil Schilling. Neilson has continued to leave a lasting impact on the motorcycle community through his writing and advocacy for the sport.




61

# VERIFICATION

I, Allan Lane, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: DocuSigned by: [signature] 5E12A2AA1A8044D...

Dated: September 23, 2026